UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-27-17

------------------------------------------------------X

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
NEW HAMPSHIRE INSURANCE
COMPANY

      *Plaintiffs*,

 -*against*-

SOUTHERN COAL CORPORATION,

      *Defendant.*

------------------------------------------------------X

17 Civ. 1329 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

  Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and New Hampshire Insurance Company ("NHIC") bring this action against Defendant Southern Coal Corporation for breach of a promissory note and quantum meruit / unjust enrichment. Plaintiffs now move for summary judgment. For the reasons that follow, the Court grants National Union's motion for summary judgment on the promissory note claim and *sua sponte* dismisses the quantum meruit / unjust enrichment claim as redundant.

## BACKGROUND

  Beginning in July 2009 and continuing thereafter, Plaintiffs issued workers' compensation and general liability insurance policies to Defendant. ECF 31 at ¶¶ 2-3. In return for the coverage, Defendant was to pay insurance premiums. *Id.* at ¶ 5. Pursuant to the policies, Plaintiffs conducted audits of Defendant's books and records related to the policies, and, after applicable adjustments and accounting for payments Defendant made, Plaintiffs determined that

Defendant owed an outstanding premium of $569,092. ECF 1 at ¶¶ 19-20; ECF 10 at ¶¶ 19-20; ECF 31-3 at ¶ 8. In March 2014, Defendant acknowledged its debt owed for the outstanding premium and executed a promissory note ("Note") in favor of National Union. ECF 31 at ¶ 10. Under the Note, Defendant agreed to pay National Union the "principal sum" of $2,701,263 through scheduled installments. ECF 1-1 at 1, 5. Upon a default in payment, the "entire unpaid principal amount" would become immediately due and payable, and interest would accrue at 12% per annum. *Id.* at 1-2. The Note further states that Defendant "promises to pay all costs and expenses, including reasonable attorneys' fees, incurred in the collection and enforcement of this Note." *Id.* at 2. Defendant failed to make all payments to National Union required by the Note, and thus defaulted. ECF 31 at ¶ 11.

In their complaint, Plaintiffs asserted two alternative causes of action: (1) breach of promissory note and (2) quantum meruit / unjust enrichment. ECF 1 at ¶¶ 31-49. The first cause of action identified National Union as "holder of the Note" and alleged that Defendant "failed to make payments to National Union as required by the Note." *Id.* at ¶¶ 32-33. The complaint did not seek recovery of the entire "principal sum" of $2,701,263 but rather stated that "after accounting for payments, credits, and all lawful setoffs, Southern Coal owes National Union a balance of not less than $559,286." *Id.* at ¶ 35.[1] National Union seeks enforcement of its contractual rights and remedies under the Note. *Id.* at ¶ 38. Thus, the first cause of action concluded, "Plaintiff National Union respectfully requests that this Court enters judgment against Southern Coal in the amount of $559,286, plus attorneys' fees, costs, expenses, prejudgment and

---

[1] Plaintiffs do not seek the full amount of the Note; apparently Defendant made "several payments under the Note" before breaching its obligation. ECF 29 at 2. All parties agree, however, that $559,286 represents the remaining principal amount currently owed under the terms of the Note.

2

post-judgment interest." *Id.* at ¶ 38. The second cause of action alleged that "[i]n the alternative to Plaintiffs' breach of contract causes of action, Plaintiffs are entitled to recover under a theory of Quantum Meruit/Unjust Enrichment." *Id.* at ¶ 40. It explained, "Southern Coal has failed to pay Plaintiffs for the reasonable value of the services provided, which totals at least $559,286." *Id.* at ¶ 48.

In its answer, Defendant admitted that it received the insurance policies from Plaintiffs, did not pay the outstanding premium to Plaintiffs, executed the Note in favor of National Union, and "failed to make payments to National Union." ECF 10 at ¶¶ 17, 21-22, 33.

In their motion for summary judgment, Plaintiffs argued that "[i]t is clear that Southern Coal breached its obligations under the Note, and, accordingly, summary judgment on Plaintiffs' claim for breach of the Note is appropriate." ECF 29 at 2. In its response, Defendant "acknowledge[d] that Plaintiffs are entitled to a judgment in accordance with the relief sought in their Motion" and attached a proposed judgment awarding damages in the amount of $559,286. ECF 32, 32-1. Plaintiffs countered with their own proposed judgment, noting that they also sought "(a) attorneys' fees and prejudgment interest, which are specifically provided for in the Note, and (b) post-judgment interest." ECF 33. The Court denied Defendant's motion for leave to file a surreply, and the motion for summary judgment may now be resolved. ECF 35.

## DISCUSSION

### I. Legal Standards

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If no rational fact finder could find in the non-movant's favor, there is no genuine issue of material fact, and summary judgment is appropriate." *Citizens Bank of*

*Cleamater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991) (internal citations omitted). "In an action on a promissory note[,] upon a showing of no material question concerning execution and default, summary judgment is appropriate." *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993). The Court applies New York substantive law because this is a diversity case and because the Note contains a choice-of-law provision stipulating that New York law governs the rights of the parties. *See Amusement Industry, Inc. v. Stern*, 786 F. Supp. 2d 758, 771-72 (S.D.N.Y. 2011); ECF 1-1 at 3.

## II. Analysis

There is no dispute that National Union is entitled to summary judgment on its claim for breach of promissory note in the amount of $559,286. National Union is listed as the "Payee" on the Note. ECF 1-1 at 1. Defendant admits that it executed the Note and defaulted, and both parties agree that National Union is entitled to $559,286. ECF 31 at ¶¶ 10, 11, 13. Accordingly, the Court grants summary judgment in favor of National Union on its claim for breach of promissory note.

NHIC, however, is not entitled to recover on this claim. The Note does not mention NHIC, and the complaint seeks relief only for National Union. *See Zarintash v. Boffa*, 98-cv-2696, 1999 WL 155991, at *2 (S.D.N.Y. 1999) ("As the note names only Bergmann as payee—for whatever reasons—Zarintash cannot claim to have suffered an injury from the note having gone unpaid."). NHIC also cannot recover on the alternative claim for quantum meruit / unjust enrichment, as the subject matter of this claim is governed by the insurance policies and the Note, and Defendant does not dispute that both the policies and the Note are valid, enforceable contracts. *See* ECF 31 at ¶¶ 5, 10; *ImagePoint, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, 27 F.Supp.3d 494, 516 (S.D.N.Y. 2014) ("[W]here there is a valid and enforceable contract between

the parties, and the subject matter of the unjust enrichment claim is covered by the contract[,] the unjust enrichment claim must be dismissed." (quotation omitted)). Therefore, the Court dismisses the second cause of action as redundant.

The only remaining question is whether National Union is entitled to reasonable attorneys' fees, prejudgment interest, and post-judgment interest. The Court recognizes that the Note allows for this relief and Plaintiffs sought such relief in their complaint. Thus, Defendant had notice of this request and is not prejudiced by Plaintiffs' failure to repeat it in their motion for summary judgment. *See In re Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017) (recognizing that the rationale for disregarding issues raised for first time in reply brief is that "the opposing party may not have an adequate opportunity to respond to it").

The Note expressly provides for reasonable attorneys' fees. "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetJets Aviation, Inc. v. LHC Communications, LLC*, 537 F.3d 168, 175 (2d Cir. 2008). The Court finds that the language in the Note is sufficiently clear and that National Union is entitled to submit a claim for "all costs and expenses, including reasonable attorneys' fees, incurred in the collection and enforcement of this Note." ECF 1-1 at 2.

The Note also expressly provides for prejudgment interest, stating that "upon an Event of Default (as defined below), interest shall continue to accrue on this Note at the rate of interest per annum equal to the lesser of [12%] or the Maximum Rate, and shall be payable on demand of the Payee." ECF 1-1 at 1. The "Maximum Rate" is "the maximum lawful rate . . . which may be contracted for . . . in accordance with applicable law." *Id.* Although New York State's civil usury statute prohibits charging an interest rate above 6% on loans or forbearances, that

5

restriction does not apply to amounts over $250,000 or to defaulted obligations. *See* N.Y.G.O.L. § 5-501(1), (6)(a); *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n.3 (2d Cir. 1986) ("In addition, the usury laws do not apply to defaulted obligations."). Thus, National Union is entitled to prejudgment interest at the rate of 12% per annum from the date of default. National Union alleges that this interest began to accrue on January 15, 2015, ECF 33-1 at 1, and the Court finds this date appropriate, given that the Note provided for the final installment to be paid on December 25, 2014, ECF 1-1 at 5.

Although the Note does not expressly provide for post-judgment interest, it is available as a matter of statute. Specifically, 28 U.S.C. § 1961 applies to "any money judgment in a civil case recovered in a district court," even if it is a result of a breach of a contract governed by state law. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013). As such, National Union is entitled to post-judgment interest to be calculated in accordance with 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment is GRANTED as to National Union's claim for breach of promissory note. Plaintiffs' alternative claim for quantum meruit / unjust enrichment is DISMISSED.

The Court awards National Union the following relief:

1. $559,286 in unpaid principal;
2. Prejudgment interest at the rate of 12% per annum from January 15, 2015;
3. Post-judgment interest calculated in accordance with 28 U.S.C. § 1961 that shall continue until the Judgment is fully paid;
4. The amount of attorneys' fees incurred in enforcing Defendant's obligations under the Note. National Union shall make a submission related to attorneys' fees within 14 days

of this Judgment. The Court shall, in turn, enter a Final Judgment that incorporates all attorneys' fees, prejudgment interest, and post-judgment interest as of that date.

Dated: New York, New York  
      November 27, 2017

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY  
United States District Judge