UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-19-17
```

-----------------------------------------------------------X

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
NEW HAMPSHIRE INSURANCE
COMPANY

           *Plaintiffs*,

  -*against*-

SOUTHERN COAL CORPORATION,

           *Defendant.*

17 Civ. 1329 (PAC)

**OPINION & ORDER**

-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and New Hampshire Insurance Company ("NHIC") bring this action against Defendant Southern Coal Corporation for breach of a promissory note. On November 27, 2017, the Court granted National Union's motion for summary judgment, holding that it was entitled to (1) $559,286 in unpaid principal, (2) prejudgment interest at the rate of 12% per annum from January 15, 2015, (3) post-judgment interest to be calculated in accordance with 28 U.S.C. § 1961, and (4) the amount of attorneys' fees incurred in enforcing the promissory note. ECF 36 at 6–7. At the Court's direction, National Union has submitted an application for attorneys' fees and costs, and Southern Coal does not object to the application. The Court now approves the application and enters final judgment.

    To calculate a reasonable attorneys' fee award, courts traditionally employ the "lodestar" method, multiplying "a reasonable hourly rate and the reasonable number of hours required by

the case" to determine a "presumptively reasonable fee." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted). To determine whether an hourly rate is reasonable, a court should consider the "prevailing hourly rate in the community" and "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (quoting *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)). To determine whether the number of hours expended is reasonable, a court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

Here, National Union requests an award of $85,069.35 in attorneys' fees and expenses and $2,403.54 in costs, for a total of $87,472.89, and the Court finds that this amount represents a reasonable award. First, the hourly rates charged by counsel are reasonable. National Union's counsel, Shook, Hardy & Bacon ("SHB"), staffed this case with one partner, one associate, and one paralegal. Their hourly billing rates ranged from $175 for the paralegal to $425 for the partner. ECF 38 at ¶¶ 12–14. These billing rates are reasonable when compared to prevailing hourly rates in the community. Courts in this District regularly approve hourly rates between $250 and $450 for comparable lawyers. *See, e.g., Maldonado v. La Nueva Rampa, Inc.*, 10-cv-8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012). In particular, one court previously approved even higher hourly rates for other SHB lawyers. *See Diplomatic Man, Inc. v. Nike*, 08-cv-139, 2009 WL 935674, at *5–6 (S.D.N.Y. Apr. 7, 2009). Moreover, no case-specific variables weigh against approving the requested fee. To the contrary, counsel obtained the full

2

relief sought by National Union. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." (quotation omitted)). As such, the Court finds the hourly rates reasonable.

Second, the number of hours expended is also reasonable. National Union represents that counsel expended a total of 242.70 hours litigating this matter through November 30, 2017. ECF 37 at 3. As required, National Union has submitted detailed time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court has reviewed these detailed time records and finds no "problems of excess or waste." *See Diplomatic Man*, 2009 WL 935674, at *6. As such, the Court finds that 242.70 hours is a reasonable number of hours required by the case. Accordingly, the Court awards National Union the requested $85,069.35 in attorneys' fees and expenses.

National Union is also entitled to the requested $2,403.54 in costs. "Fee awards include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F.Supp.2d 470, 478 (S.D.N.Y. 2009). National Union seeks reimbursement for costs associated with delivery and postage, court and transcript fees, and travel. ECF 37 at 4. The Court finds the amount reasonable and awards National Union the requested $2,403.54 in costs.

Lastly, the Court now calculates the prejudgment interest owed to National Union. National Union is entitled to prejudgment interest on the principal amount of $559,286 at the rate of 12% per annum from January 15, 2015. There are 1,069 days, or approximately 2.93 years, between January 15, 2015 and today's date of December 19, 2017. Therefore, the Court calculates the award of prejudgment interest to be $196,644.96 as follows: $559,286 x 2.93 years

3

x 12.0% = $196,644.96.

Accordingly, the Court enters judgment and awards National Union the following relief: (1) $559,286 in unpaid principal; (2) $196,644.96 in prejudgment interest; (3) post-judgment interest calculated in accordance with 28 U.S.C. § 1961 that shall continue until the Judgment is fully paid; and (4) $87,472.89 in attorneys' fees, expenses, and costs. The Clerk of Court is directed to close this case.

Dated: New York, New York
December 19, 2017

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge